UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:    CIV-    Magistrate

KIMBERLY ANN ETCHELLS,

    Plaintiff,

vs.

LOEWENSTEIN, INC., a
Florida corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, KIMBERLY ANN ETCHELLS, [hereinafter referred to as "ETCHELLS"], by and through her undersigned counsel, and hereby files this complaint against the Defendant, LOEWENSTEIN, INC., a Florida corporation, [hereinafter referred to as "LOEWENSTEIN"], and alleges as follows:

### JURISDICTION

1. This is an action for damages against Defendant LOEWENSTEIN, under 42 U.S.C. §2000(e), as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000(e)(k).

2. Plaintiff ETCHELLS, at all times material hereto was a resident of Palm Beach County, Florida, and is otherwise su juris.

3. Defendant LOEWENSTEIN, is a company in the business of writing, manufacturing and related services for the sale and consumption to the general public, and is otherwise su juris.

4.  The actions given rise to the claims herein occurred in Broward County, Florida.

5.  Defendant LOEWENSTEIN, at all times material hereto, had a principal place of business located at 1801 North Andrews, Extension, Pompano Beach, Florida 33069, which is in Broward County, Florida.

## VENUE

6.  Plaintiff ETCHELLS, is at all times material hereto a resident of Palm Beach County, Florida.

7.  The cause of action occurred in Broward County, Florida.

8.  Defendant LOEWENSTEIN has an operation of business in Broward County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

9.  At all times material hereto the Plaintiff ETCHELLS was employed by the Defendant as a sales personnel and regional sales manager.

10. Plaintiff ETCHELLS began her employment on or about June of 1997.

11. At all times material hereto, Doug Foley with the Defendant and was Plaintiff's supervisor in the position of "manager".

12. After her employment as regional sales manager, Plaintiff ETCHELLS' position was changed in 2000, to the position of national account manager.

13. In November, 2000, Plaintiff ETCHELLS became pregnant and at all times material hereto was a pregnant woman.

14. In December, 2000, ETCHELLS advised the company of her pregnancy.

15. Shortly after advising the company of her pregnancy, ETCHELLS began to experience adverse employment treatment.

16. Specifically, in May of 2001, after the company employed a new manager, Mr. Doug Foley, Plaintiff began to receive adverse employment treatment by her manager, Foley.

17. In August of 2001, Plaintiff ETCHELLS left for her maternity leave. While on her approved pregnancy leave, Plaintiff was informed by her manger, Foley, that the company was eliminating her position. Plaintiff was not informed of her job elimination, until after the elimination had taken place.

18. Plaintiff was further told by Foley that she would be placed in a new position, which would be at a desk job and that she would sustain a loss of salary and a reduced bonus structure.

19. In response, Plaintiff questioned Foley as to the reasons why she was being demoted and why other open available positions without loss of pay structures were not being offered to her.

20. In response to her questions, manager, Foley advised that he would not consider the Plaintiff for these jobs since they involved traveling and he did not believe that it would be appropriate that Plaintiff should travel with a small child.

21. Foley further told ETCHELLS that in his opinion Plaintiff was "better suited" for a desk job.

22. Prior to Plaintiff's pregnancy she received excellent evaluations and was otherwise a well regarded employee.

23. After her demotion, Plaintiff learned that other similarly-situated male co-workers earned significantly more than the Plaintiff annually, in some cases as much as $15,000.00 or more for substantially similar work.

24. On November, 2001, Plaintiff's employment ended, due to the Defendant eliminating her position.

25. As a result of the Defendant's treatment, on or about April 25, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. **(A true and correct copy of said charge is attached hereto as Exhibit "A")**

26. Plaintiff received a Notice of Right to Sue dated December 10, 2002. **(A true and correct copy of said Right to Sue notice is attached hereto as Exhibit 'B")**

27. Plaintiff is not a member of a union.

28. Plaintiff has exhausted all administrative remedies prior to bringing of this action.

## COUNT I
## DISCRIMINATION ON THE BASIS OF PREGNANCY
## VIOLATION OF TITLE VII, 42 U.S.C. §2000(e)

Plaintiff, realleges and references each and every allegation contained in the preceding paragraphs 1 through 28, and incorporates same as set for fully herein.

29. By and through its agents, supervisors and employees, Defendant LOEWENSTEIN engaged in and otherwise permitted a pattern and practice of unlawful discrimination to occur by demoting Plaintiff while on approved maternity leave without a legitimate reason.

30. By and through its agents, supervisors and employees, Defendant LOEWENSTEIN engaged in and otherwise permitted a pattern and practice of unlawful discrimination by not offering Plaintiff open and available job opportunities for which she was well qualified.

31. By and through its agents, supervisors and employees, Defendant LOEWENSTEIN engaged in and otherwise permitted a pattern and practice of unlawful discrimination given the circumstances of Plaintiff's separation of employment.

32. As a result of the aforementioned conduct as alleged in this Count, Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000(e)(k).

33. As a result of the Defendant's aforementioned conduct and disparate treatment of the Plaintiff, due to her pregnancy, Plaintiff has sustained a loss of employment and other damages.

34. As result of the aforementioned actions of the Defendant, Plaintiff has suffered severe emotional distress.

34. Defendant has violated 42 U.S.C. §2000(e) by applying work place policies in a disparate and discriminatory manner.

35. Defendant has failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the work place and to prevent it from occurring.

36. Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated herein, Defendant has engaged in other discriminatory practices against Plaintiff which are not yet fully known. At such time that the discrimination becomes known, Plaintiff will seek leave of court to amend this complaint in that regard.

37. Plaintiff has filed a timely charge of discrimination with the Office of Equal Opportunity (Exhibit "A").

38. Plaintiff has exhausted all of her administrative remedies. (Exhibit "B").

39. As a direct and proximate result of Defendant's willful knowing and intentional discrimination, Plaintiff has suffered and will continue to suffer pain and suffering, extreme and severe emotional distress and mental anguish; Plaintiff has incurred and will continue to incur medical expenses for treatment by health care professionals and for other incidental expenses; Plaintiff has suffered and will continue to suffer a loss of earnings and other employment related benefits and job opportunities. As a result, Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

40. As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that her attorney's fees be awarded pursuant to 42 U.S.C. §2000(e).

WHEREFORE, Plaintiff ETCHELLS prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, reinstatement, or front pay, back pay, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Title VII; that Plaintiff be awarded such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

## COUNT II
## EQUAL PAY ACT VIOLATION

Plaintiff, realleges and references each and every allegation contained in the preceding paragraphs 1 through 28, and incorporates same as set for fully herein.

41. Defendant, through its agents or supervisors, underpaid the Plaintiff, a female.

42. Plaintiff, a female, had similar job descriptions, requiring equal skill, effort, and responsibilities as other similarly-situated men.

43. Defendant's failure to pay Plaintiff wages comparable with similarly-situated men constitutes a violation of the Equal Pay Act of 1963, 29 U.S.C. 206(d)(1).

44. At all times relevant hereto, Defendant had actual or constructive knowledge of the conduct described in Paragraphs 1 through 43 and this Count.

45. As a result of the Defendant's discriminatory conduct, Plaintiff was paid less than similarly-situated men employees.

46. As a result of Defendant's conduct, Plaintiff sustained wage loss.

47. Defendant violated the Equal Pay act of 1963, 29 U.S.C. 206(d)(1) by refusing to adequately compensate the Plaintiff on the basis of her sex.

48. Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to ensure equal pay.

49. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against them which are not yet fully known. At such time as said discrimination becomes known to them, Plaintiff will seek leave of Court to amend this Complaint in that regard.

50. The Plaintiff has exhausted her administrative remedies.

51. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

52. As a further and direct proximate result of the Defendant's violation, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendants, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

53. Plaintiff requests that her attorneys' fees be awarded pursuant to the Equal Pay Act of 1963, 29 U.S.C. 206.

WHEREFORE, Plaintiff ETCHELLS prays that judgment be entered in her favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, including prejudgment interest, in an amount according to proof at trial; that Plaintiff be awarded punitive damages in an amount according to proof at trial; that Plaintiff be awarded reasonable attorneys' fees and costs of suit; and that Plaintiff be awarded such other and further relief as the Court deems just and proper. Plaintiff further demands trial by jury.

DATED this 19th day of February, 2003.

                    Law Offices of Cathleen Scott, P.A.
                    The Comeau Building
                    319 Clematis Street, Suite 804
                    West Palm Beach, FL 33401
                    Telephone: (561) 653-0008
                    Facsimile: (561) 653-0020

                    Cathleen Scott, Esq.
                    Florida Bar No.: 135331

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] FEPA | |
| [X] EEOC | |

Florida Commission on Human Relations and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Kim Etchells | c/o Cathleen Scott, P.A. (561)653-0008 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 8164 Mystic Harbor Circle | | 03/29/72 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Loewenstein, Inc. | 35+ | (954)960-1100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1801 North Andrews Avenue, Pompano Beach, Florida | | Broward |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| (Parent Company) Winsloew, Inc. | (954) 960-1100 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1801 North Andrews Avenue, Pompano Beach, Florida | | Broward |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] AGE
[ ] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [X] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
01/30/02 - 02/22/02

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

DOB: 03/29/72

**Charge:** I. Discrimination Statement - I believe that I have been discriminated against in violation of The Civil Rights Act of 1964, as amended, Pregnancy Discrimination Act. I also believe that the company discriminated against me because I am female in violation of the Title VII and F.S. Section 760, et.seq.

**Statement:**
I was employed as a Regional Sales Manager beginning in 1997. I was later promoted to National Account Manager in 2000. I became pregnant in November, 2000 and I notified by the company of same in December, 2000. After advising the company, I began to receive adverse treatment. The situation increased in May, 2001, after a new manager, Doug Foley, was employed. I left for my pregnancy leave in August, 2001, while on leave I demoted. I was told by Foley that the company was "eliminating my position." I was told that my new position would be at a desk job and have a substantial pay loss. I learned that there were other positions available and not offered to me. When I questioned Mr. Foley on this, he told me   (Continued on Separate Sheet)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

4/22/02
Date    Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Cathleen A Scott
My Commission CC80911
Expires February 14 2003

EEOC FORM 5 (Test 10/94)

EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Kim Etchells<br>8164 Mystic Harbor Circle<br>West Palm Beach, FL 33401 | Miami District Office<br>Equal Employment Opportunity<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |
| [ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | |

| Charge Number | EEC Representative | Telephone Number |
|---|---|---|
| 150A202259 | Willie Mae Moody, Investigator | (305) 530-6045 or 530-6050 |

*(See the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEC is terminating its processing of this charge.

[ ] The EEC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

DEC 1 0 2002
(Date Mailed)

_____
for Federico Costales, District Director

Enclosures
 Information Sheet
 Copy of Charge

cc: Dave Biancosiore             Cathleen Scott, P.A.
    General Manager              319 Clematis Street
    Loewenstein, Inc.            Suite 804
    1801 North Andrews Avenue    West Palm Beach, FL 33401
    Pompano Beach, FL 33069

**EXHIBIT B**

S 44
Rev. 12/96)

# CIVIL COVER SHEET     03-60227

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Kimberly Ann Etchells

**DEFENDANTS**
Loewenstein, Inc., a Florida corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**ATTORNEYS (IF KNOWN)**

CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ U.S. Government Plaintiff
- ☐ U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. §2000(e), as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000(e)(k)

**OF TRIAL** days estimated (for both sides to try entire case)

**REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD   2/19/03

FFICE USE ONLY
IPT # 71774 8   AMOUNT $150.00   APPLYING IFP   JUDGE Ferguson   MAG. JUDGE Snow

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.